### CHARLEY COOPER v. THE STATE.

No. 7044.    Decided June 14, 1922.

**Assault to Murder—Insufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Seb F. Caldwell,* for appellant.

*G. R. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Titus County of asault with intent to murder, and his punishment fixed at two years in the penitentiary.

This is an odd case on the facts. The State introduced but one witness. This witness testified that he was standing on the sidewalk and that one Hays was approaching; that he heard the report of a pistol and saw Hays go into the entrance of a stairway. That he glanced around and saw this appellant with a pistol in his hand, and that appellant went on down to said stairway up which Hays had gone; that appellant stopped and tried to shoot up the stairway but his pistol did not work and that appellant went on down the street. This witness said he heard appellant make some remark to the effect that he would kill the s— of a b—, or something like that. This is the State's case, except that said witness testified that one Harkrider was standing by him during this occurrence, and Harkrider is not put upon the stand and no reason is given for failure to produce his testimony.

For the appellant Hays, the alleged injured party was introduced who, testified that he had never had a cross word with appellant in his life, and that if appellant shot at him on the day in question he did not know it. He said he was coming down the street and turned up the stairway in question and went to the top of the stairs, and then observed some people congregated at the foot of the stairs and came back down to see what was the matter. A brother of appellant testified for him that he owned an automatic pistol which was easily gotten out of fix, and that he had loaned it to one Jenkins who had recently returned it to the store, and that it was lying on a desk in the store. Jenkins corroborated this brother's testimony in regard to the condition of the pistol. Appellant testified that he had never had any trouble with witness Hays, but that he had had some trouble with another party on the day of this occurrence, and that he had taken his brother's pistol to a repair shop to have it fixed, and that as he returned from the repair shop he was walking along the street with the pistol in his hand trying to extract a bullet from the cylinder and that said pistol was discharged, and that he did not intend to shoot at witness Hays or anybody else. He denied using the words attributed to him by the State witness. This is a substantial statement of the entire testimony. We are unwilling to lend our approval to a verdict of conviction, and the incarceration of a citizen of this State in the penitentiary of Texas for two years upon testimony as unsatisfactory as that in this record. The State in no way accounts for its failure to put upon the stand the witness Harkrider who seems to have had as much opportunity for hearing and seeing what was done as the State witness who testified. There is an utter absence of anything in the record showing malice or reason for any assault on Hays on the part of appellant. It may be that upon another trial the State can produce evidence of a more satisfactory character.

For the reason above mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*